## E. J. OVERBY *v.* EDNA CURRY, ET AL.

**Real Estate—Adverse Possession—Husband and Wife.**

> Where the wife acquires title and possession of real estate, the fact that she was married did not vest the husband with any possession that could ripen into title in himself adverse to the claim of the wife.

### APPEAL FROM CALDWELL CIRCUIT COURT.

December 16, 1874.

OPINION BY JUDGE PRYOR:

The lots in controversy were in the possession of Holmes, through whom the appellee, Edna Curry, claims to have derived title, as early as the year 1851. The ground enclosed by Holmes included lots 34, 35, 46 and 47, a part of lot No. 46 belonging to one Lindsey, who after the death of Holmes conveyed to Mrs. Curry. These lots in controversy, 34 and 35 being enclosed with the lots in the possession of Holmes, and in his actual possession at his death, were known as one lot, and called by some the Holmes lot. Such lot, however, was plainly marked and designated on the plat of the town. Holmes, at his death, devised this lot, describing the property it adjoined, to Mrs. Curry, who at the time was in the possession and claimed to own, hold and possess in the same manner, and has been in the continued possession since the device. She claims to hold under Holmes; and to adjudge that it was in the husband's possession, would be to make him an adverse claimant against his own wife. If the husband had taken the possession in his own right, by entering upon the lot under a claim of title in himself, then the possession could not be said to have been in the wife; but in this case the wife acquired the title and entered into the possession under it; and the fact that she was a married woman did not vest the husband with any possession that could ripen into a title in himself adverse to the claim of the wife. The husband, in this case, never asserted any title in himself, or any other possession than that acquired by the title in his wife, and this possession only strengthened her title. *Young, et al., v. Adams,* 14 B. Mon. 102; *Kirk v. Nichols's Heirs,* 2 J. J. Marsh. 469.

The judgment dismissing appellant's petition was proper. Judgment *affirmed.* Opinion modified by erasing three lines on first page of original opinion.

*Calvert & Morrow, for appellant.*
*Richard Syles, for appellees.*